```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RAMIRO N. BERNAL,**

                         **Plaintiff,**

                                               CIVIL ACTION
          **vs.**                                  No. 04-3457-GTV

**PHILL KLINE, et al.,**

                         **Defendants.**

### ORDER

    Plaintiff, an inmate confined in Lansing Correctional Facility in Lansing, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $150.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

    To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992).

In this action, plaintiff seeks damages from the Kansas Attorney General, from Geary County Commissioners, and from unnamed Geary County officials for their allegedly illegal confinement of plaintiff for 22 days.  Plaintiff states his probation was revoked on August 14, 2002, and he was held thereafter in the Geary County Jail in Junction City, Kansas, for sixty days.  Plaintiff states Geary County officials then transported him to the Clay County Jail where he was held until November 27, 2002, allegedly 22 days beyond his maximum sentence.[1]  On this sparse factual information, the court finds the complaint is subject to being summarily dismissed as time barred.

It is well settled in this district that a two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. 1983.  <u>Baker v. Board of Regents of State of Kan.</u>, 991 F.2d 628, 630-31 (10th Cir. 1993).  <u>See</u> K.S.A. 60-513(a)(4)(two-year limitations period for bringing action for "an injury to the rights of another").  While this limitation period is tolled for a person imprisoned for less than a life term, the tolling statute expressly states that "if a person imprisoned for any term has access to the court for purposes of bringing an action such person shall not be deemed to be under legal disability."  K.S.A. 60-515(a).

In this case, plaintiff points to his confinement in the

---

[1] Plaintiff does not allege or explain why Geary County officials should be held responsible for plaintiff's continued confinement in the Clay County Jail.

2

Geary County Jail between August and October in 2002, and to his release from the Clay County jail on November 27, 2004. He filed the instant complaint on December 7, 2004. Because there is nothing in the complaint to suggest that plaintiff's access to the courts has been unduly limited by his incarceration, the two year limitation applies and plaintiff's claims are subject to being dismissed as untimely filed.

Alternatively, if plaintiff is attempting "to recover damages for allegedly unconstitutional ...imprisonment, or for other harm caused by actions whose unlawfulness would render a ...sentence invalid," plaintiff must first demonstrate the offending sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477 486-87 (1994). A cause of action for damages under 42 U.S.C. 1983 arises, and the limitation period begins running, only upon such invalidation. Id.

To the extent plaintiff seeks damages based on defendants' alleged violation of 18 U.S.C. 241 and 242, plaintiff has no standing to assert jurisdiction under these federal criminal statutes which neither authorize civil actions nor create civil liabilities on the part of any defendant.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed for the reasons stated herein.[2]  See 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or

3

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4