```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RAMIRO N. BERNAL,**

                **Plaintiff,**

                                              CIVIL ACTION
      **vs.**                                            No. 04-3457-SAC

**PHILL KLINE, et al.,**

                **Defendants.**

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983.

Plaintiff seeks damages from the Kansas Attorney General, Geary County Commissioners, and other Geary County officials for his alleged illegal confinement for 22 days. Plaintiff states his probation in a Geary County conviction was revoked on August 14, 2002, and he was held thereafter in the Geary County Jail in Junction City, Kansas, for sixty days. Plaintiff states Geary County officials then transported him to the Clay County Jail where he was held until November 27, 2002, which plaintiff claims was 22 days beyond his maximum sentence.

By an order dated December 29, 2004, the court directed plaintiff to show cause why the complaint should not be dismissed as time barred, and why plaintiff's claim for damages was not subject to and barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994). The court also found plaintiff had no standing to assert jurisdiction under federal criminal statutes 18 U.S.C. 241 and

242.

In response (Doc. 6), plaintiff argues only that his complaint should be considered as timely filed because he dated his pleadings and submitted them to prison officials for processing on November 25, 2004. The record confirms this date on plaintiff's pleadings, but also includes a November 30, 2004, date on the certification of plaintiff's financial records provided with plaintiff's motion for leave to proceed in forma pauperis.

The Supreme Court has recognized that a pro se prisoner's pleading is to be deemed file when delivered to prison officials for mailing. *See* Houston v. Lack, 487 U.S. 266, 270 (1988)(pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court); Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003)(under "federal prisoner mailbox rule," pro se prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing). In this case, however, plaintiff does not certify the date his pleadings were submitted for *mailing*, with prepaid postage, in the prison mail system. *See e.g.*, Fed.R.App.P. 4(c)(a prisoner's timely filing "may be shown by a declaration in compliance with 28 U.S.C. 1746 or by a notarized statement, either of which must set forth the date of deposit [in the prison mail system] and state that first-class postage has been prepaid"); United States v. Smith, 182 F.3d 733, 735 n. 1 (10th Cir. 1999)(pro se prisoner not given benefit of prison mailbox

rule where filing did not state that first-class postage has been prepaid as required by Fed.R.App.P. 4(c)(1)). Nor does the court find merit in plaintiff's contention that the "mailbox" rule in <u>Houston</u> includes time for the administrative processing of materials necessary for a prisoner's filing of a pleading. *See e.g.*, <u>Allen v. Culliver</u>, 2005 WL 1155672, *3 (S.D.Ala. 2005)(mailbox rule to be strictly construed, citing examples).

Nonetheless, even if the November 25, 2004, date were to be used, the complaint is still untimely filed on plaintiff's allegations of misconduct by the Geary County defendants in transferring plaintiff to a Clay County jail in October 2002, rather than releasing him.  Plaintiff provides no factual basis for his allegations of misconduct by Geary County defendants for plaintiff's subsequent 22 day confinement in another county's jail.

Additionally, plaintiff alleges no personal participation by the Kansas Attorney General or by any Geary County Commissioner or Geary County official in any violation of plaintiff's constitutional rights.  *See* <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996)("personal participation is an essential allegation in a section 1983 claim").  Nor does plaintiff allege any deprivation of his constitutional rights pursuant to a Geary County policy or custom.  *See* <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978)(stating requirements for municipal liability).

For these reasons, the court concludes the complaint should

be dismissed as stating no claim for relief.[1]  *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 14th day of June 2005 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff is advised that dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."